UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00057-JAW |
| | ) | |
| STEVEN LEMIEUX | ) | |

**ORDER ON MOTION IN LIMINE REGARDING PRIOR CONVICTION**

With trial scheduled to begin on June 14, 2017, the Government moves in limine to preclude Steven Lemieux from admitting any evidence pertaining to a collateral attack on his underlying conviction for false statements on a firearms form or his previous conviction for misdemeanor assault. *Gov't's Mot. in Lim. Regarding Prior Conviction* (ECF No. 44) (*Gov't's Mot.*).

**I. BACKGROUND**

Steven Lemieux is charged in a two-count indictment for possession of firearms and ammunition by a person who has been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year. *Indictment* (ECF No. 2). The predicate offense for these charges is a 2006 conviction in this Court in which Mr. Lemieux was convicted of violating 18 U.S.C. § 922(a)(6) for lying on a firearms form when he denied that he was barred from possessing firearms even though he had been previously convicted of domestic assault by the state of Maine. *Id.* at 1; *Gov't's Mot.* at 1.

On December 14, 2016, Fairfield Police officers executing a search warrant at Mr. Lemieux's residence discovered six firearms and 784 rounds of ammunition.

*Gov't's Mot.* at 1. When presented with the inventory of the search, Mr. Lemieux commented on his belief that the officers were stealing the firearms and later made a claim on the same firearms when the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) initiated forfeiture proceedings. *Id.* When ATF Special Agent John Schroepfer came to Mr. Lemieux's residence on March 9, 2017 to discuss the claim, Mr. Lemieux acknowledged being jailed for his prior conviction, professed that he had never done anything wrong, and referred to his prior conviction as "f---ing bulls---t too." *Id.* at 1–2.

According to the Government, the places of manufacture of the subject firearms are not disputed and Mr. Lemieux has not denied his possession of the firearms or the fact of his prior conviction. *Id.* at 2. The Government therefore anticipates that Mr. Lemieux's defense will be related to his professed innocence on any underlying offense, which it argues is not a valid defense. *Id.*

Mr. Lemieux responded to the Government's motion in limine on June 11, 2017. *Def.'s Resp. to Gov't's Mot. in Lim.: Collateral Attack on Underlying Felony Conviction* (ECF No. 53) (*Def.'s Opp'n*). In his response, Mr. Lemieux stated that he "denies he 'did anything wrong' and therefore denies the underlying conviction as charged and/or that he is a prohibited person." *Id.* at 1. He explains that he "does not intend to maintain a legal attack on the validity of the underlying conviction" and states that he will "take the position that he has 'done nothing wrong.'" *Id.*

## II. DISCUSSION

In order to prove a violation of 18 U.S.C. § 922(g)(1), the Government must prove beyond a reasonable doubt that Mr. Lemieux has been convicted in any court of at least one crime punishable by a term of imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1). The Government seeks to do so by introducing evidence of Mr. Lemieux's 2006 conviction for false statements on a firearms form and is concerned that Mr. Lemieux will attempt to collaterally attack this prior conviction by making statements concerning his innocence of the conduct underlying the offense. However, as Mr. Lemieux acknowledges in his response, he cannot do so.

In *Lewis v. United States*, 445 U.S. 55 (1980), the United States Supreme Court expressly held that "a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm" but that "firearms prosecution does not open the predicate conviction to a new form of collateral attack." *Id.* at 67.[1] Additionally, the First Circuit, relying on *Lewis*, has held that the later vacating of a state court conviction does not invalidate a defendant's federal conviction as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) because the defendant was a felon at the time of the charged possession. *United States v. Snyder*, 235 F.3d 42, 53 (1st Cir. 2000).

---

[1] In *Lewis*, the appellant challenged his conviction under a statute that preceded 18 U.S.C. § 922(g)(1). However, the Supreme Court recognized that there was "little significant difference" between the statute at issue in that case and § 922(g)(1). *Id.* at 64.

3

## III. CONCLUSION

Given *Lewis* and *Snyder*, as well as Mr. Lemieux's lack of objection and confirmation that he may not collaterally attack the legal validity of the underlying conviction, the Court GRANTS the Government's Motion in Limine Regarding Prior Conviction (ECF No. 44). Consistent with his concession, the Court prohibits defense counsel from inquiring into whether there was an adequate underlying factual basis for Mr. Lemieux's prior conviction. *See Def.'s Opp'n* at 2.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2017