UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00057-JAW |
| | ) | |
| STEVEN LEMIEUX | ) | |

**ORDER ON MOTION IN LIMINE REGARDING PRIOR POSSESSION AND USE OF .30-30 RIFLE**

Steven Lemieux stands charged of possession of a firearm by a prohibited person between December 14, 2016 and December 20, 2016. The Government moves in limine seeking to admit evidence that Mr. Lemieux possessed a firearm at times outside the time period charged in the indictment. The Court denies the motion based on Rule 403.

**I.   BACKGROUND**

Steven Lemieux is charged in a two-count indictment alleging the unlawful possession of seven firearms and 784 rounds of ammunition between on about December 14, 2016 and on about December 20, 2016. *Indictment* (ECF No. 2). Among the firearms found at Mr. Lemieux's residence during a search on December 14, 2016 was a .30-30 rifle. *Gov't's Mot. in Lim. to Admit Evid. that the Def. Possessed and Used the .30-30 Rifle Prior to December 14, 2016* at 1 (ECF No. 45) (*Gov't's Mot.*). In 2013, 2014, and 2016, Mr. Lemieux obtained licenses from the state of Maine to harvest deer with a firearm, specifically a .30-30 rifle. *Id.* Attach. 1 *Deer Tagging Records*. In addition, Mr. Lemieux's business website has a number of photographs under the heading "These are few [sic] photos of me deer hunting on horseback on my

property in Fairfield, Maine." *Gov't's Mot.* at 1–2; *id.* Attach. 2 *Webpage and Photographs from Mainehorsedrawnservices.com*. The page also has a link to a video, taken at the same time as some of the photographs, showing Mr. Lemieux firing what appears to be a .30-30 rifle and then dragging an antlerless deer from the woods with a black horse. *Gov't's Mot.* at 2; *id.* Attach. 3 *Screenshot of Video*. Mr. Lemieux reported the harvest of a doe in 2016. *Gov't's Mot.* at 2.

The Government seeks to admit the deer tagging records from 2013, 2014, and 2016 in which Mr. Lemieux admits to use of a .30-30 rifle, the photographs of Mr. Lemieux engaging in this or similar activity that were found in his home and posted on his business website, and the video of Mr. Lemieux firing a .30-30 rifle. *Gov't's Mot.* at 1. The Government argues that this evidence is direct evidence of guilt, or, if the rifle is not the same .30-30 rifle recovered from Mr. Lemieux's residence, is admissible for a proper purpose under Federal Rule of Evidence 404(b). *Id.* at 2–7. In response, Mr. Lemieux states that he does not dispute possession on the dates alleged in the indictment, but he objects to the admission of such prior possession evidence under Federal Rules of Evidence 404(b) and 403 as cumulative and marginally relevant. *Def.'s Resp. to Gov't's Mot. in Lim. Re: Fed. R. Evid. 404(b) Evid.* (ECF No. 52) (*Def.'s Opp'n*).

## II. DISCUSSION

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence is generally admissible, unless an

2

exclusion applies. FED. R. EVID. 402. One such exclusion is for evidence of a prior bad act when such evidence is introduced for the sole purpose of proving a defendant had a propensity to commit a crime. FED. R. EVID. 404(b)(1); *see also United States v. Doe*, 741 F.3d 217, 229 (1st Cir. 2013). Evidence of prior bad acts may be admissible if it has special relevance apart from showing propensity to commit a crime. FED. R. EVID. 404(b)(2); *Doe*, 741 F.3d at 229. However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The Court assumes for purposes of this order that evidence of the possession and use of a .30-30 rifle outside the dates alleged in the indictment could be admissible as either direct evidence or for a proper purpose under Rule 404(b). *United States v. Ford*, 839 F.3d 94, 109 (1st Cir. 2016) (describing the "two-part test" in evaluating admissibility under Rule 404); *Doe*, 741 F.3d at 229. This conclusion, however, does not end the discussion. The Court must still determine whether the "probative value is substantially outweighed by the danger of unfair prejudice." *Ford*, 893 F.3d at 109.

Here, the Court determines that the probative value of such evidence would be substantially outweighed by the danger of unfair prejudice under Rule 403. First, in his response, Mr. Lemieux admits he possessed the firearms on the dates alleged in the indictment, which reduces the probative value of the prior possession evidence. *See Def.'s Opp'n* at 1; *Ford*, 839 F.3d at 109. Second, it is not entirely clear whether

3

the .30-30 rifle in the deer tagging records, photographs, and video is the same .30-30 rifle charged in the indictment, and some of the evidence, in particular two of the deer tagging records, are dated two or three years before the dates charged in the indictment, further reducing the probative value of such evidence. Third, the Government already plans to introduce substantial evidence of Mr. Lemieux's possession of the .30-30 rifle, including Mr. Lemieux's own statements of possession, photographs of the .30-30 rifle at Mr. Lemieux's residence at the time of the search and seizure, an ATF Seized Asset Claim Form submitted by Mr. Lemieux, and the .30-30 rifle itself, which was taken from Mr. Lemieux's residence during the search on December 14, 2016. *Gov't's Second Am. Trial Ex. List* (ECF No. 49). Given the Government's breadth of possession evidence for the dates charged in the indictment and Mr. Lemieux's apparent decision not to contest possession during that period, any additional evidence of prior possession is needlessly cumulative. Fourth, the potential prejudice of the evidence includes obligating Mr. Lemieux not only to defend his actions based on the dates charged in the indictment but also to respond to events that precede the dates in the indictment; the risk being that the jury will view the Rule 404(b) evidence as evidence of propensity or character, despite the Court's instruction to the contrary, and, as the evidence includes the killing and hauling of a doe, the infusion of pro- and anti-hunting elements into the case. *Ford*, 839 F.3d at 110 ("[I]n view of the negligible probative value of the evidence, it is not clear the district court's limiting instructions were sufficient to curb its prejudicial effect").

This ruling assumes that Mr. Lemieux maintains his current posture of not contesting possession of a firearm during the dates alleged in the indictment. If he changes tactics or takes the stand and denies possession, the Court may be required to revisit this ruling.

## III. CONCLUSION

Accordingly, the Court DENIES the Government's Motion in Limine to Admit Evidence That the Defendant Possessed and Used the .30-30 Rifle Prior to December 14, 2016 (ECF No. 45).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2017